CHEVRON STANDARD LIMITED and CHEVRON CHEMICAL COMPANY, PLAINTIFFS *v.* UNITED STATES, DEFENDANT

Court No. 82-8-01175

Before BOE, *Judge.*

(Dated January 10, 1983)

*Donohue and Donohue* (*Joseph F. Donohue* and *William J. Phelan,* of counsel) for the plaintiffs.

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Director, Commercial Litigation Branch and *Francis J. Sailer*) for the defendant.

BOE, *Judge:* In the above action plaintiffs seek review of a determination made by the United States Department of Commerce, International Trade Administration (ITA) pursuant to 19 U.S.C. § 1675 and published in the Federal Register on July 23, 1982 (47 Fed. Reg. 31911).

The defendant has filed the administrative record in said proceedings with the clerk of this court, however, by the instant motion seeks a protective order prohibiting the disclosure of Documents numbered 59 and 60 submitted under seal.[1] By the declaration of Lionel H. Olmer, Undersecretary for International Trade, executive privilege is claimed with respect to said documents. In invoking privilege Mr. Olmer contends that the documents in question constitute expressions of legal opinions and policy viewpoints concerning the proposed administrative action under review and

---

[1] Document No. 59 is a handwritten note to Lynn J. Barden, Assistant General Counsel, Import Administration from Thomas L. Delaney, Attorney Advisor, Office of the Assistant General Counsel, Import Administration.

Document No. 60 is a handwritten note to Thomas L. Delaney, Attorney Advisor, Office of the Assistant General Counsel, Import Administration from Lynn J. Barden, Assistant General Counsel, Import Administration.

4

that disclosure thereof would stifle a free flow of advice, recommendations and opinions within the government agency.

The plaintiffs have moved by cross-motion for an order directing the disclosure of the Documents 59 and 60 under such terms and conditions as the court may deem appropriate.[2]

This court has exercised its discretion, recognized by the United States Supreme Court in *Environmental Protection Agency* v. *Mink*, 410 U.S. 79 (1973), and has examined Documents 59 and 60 *in camera*. From its examination the court is satisfied that the documents in question consist of internal "intra-agency" communications containing predecisional comments, opinions and advice.

This court is in agreement with the conclusion of the defendant that disclosure of information of this character and particularly the comments contained in Documents 59 and 60 would impair the free and uninhibited exchange of opinions and recommendations requisite to proper administrative determinations. *National Latex Products Co.* v. *United States,* 2 CIT 219 (1981).

Now therefore, it is hereby

ORDERED that the defendant's motion for protective order be and is hereby granted, and it is further

ORDERED that plaintiffs' cross-motion be and is hereby denied, and it is further

ORDERED that Documents numbered 59 and 60 filed with this court under seal be and are hereby recognized as privileged and, accordingly, not subject to discovery or disclosure without further order of this court.

---

[2] The cross-motion submitted in behalf of plaintiffs has been designated, presumably through inadvertence, "Defendant's Cross-Motion for Disclosure."